**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1389
_____

STEVEN BRADLEY MELL, aka Bradley Mell,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Criminal Action No. 2-18-cr-00757-001)
District Judge:  Honorable Brian R. Martinotti

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2022

Before:  KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed: September 1, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Steven Mell, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). We grant the Government's motion for summary action and will affirm the judgment of the District Court.

In 2019, Mell pleaded guilty to interstate travel to engage in illicit sexual conduct in violation of 18 U.S.C. § 2423(b), and receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). Mell was sentenced to 84 months in prison. He did not file a direct appeal. Mell is scheduled for release in May 2025.

In May 2020, Mell moved for compassionate release based on his medical conditions and the COVID-19 pandemic. Mell asserted, through counsel, that he suffered from primary sclerosing cholangitis ("PSC"), which is a liver disease, Crohn's disease, hypertension, high cholesterol, and asthma. He stated that he was at risk of severe illness if he contracted COVID-19.

The District Court concluded that the factual basis to find "extraordinary and compelling reasons" for Mell's release "arguably exists, but is weak." 2/9/21 Opinion at 14. It explained that his medical conditions were being treated, but that several of those conditions might increase his risk of severe illness if he contracted COVID-19. The District Court also found that the situation at FCI Allenwood, where he was confined, did not then pose a serious risk of infection, but that the number of active cases had recently increased. The District Court, however, concluded that, if released, Mell posed a danger

2

to his victim and the community. As a result, it denied relief. Mell filed an appeal, which he was later permitted to withdraw. See C.A. No. 21-1347, 4/13/21 Order.

In November 2021, Mell filed another motion for compassionate release. The District Court granted his motion to proceed pro se. Mell asserted, among other things, that the Centers for Disease Control and Prevention had reclassified his medical conditions as risk factors for severe illness from COVID-19, that new tests showed that he had developed polyps on his gallbladder and that his PSC was progressing, and that he had developed kidney disease.

The District Court again concluded that the factual basis to find "extraordinary and compelling reasons" for Mell's release arguably existed but was weak. It stated that Mell's medical conditions alone did not warrant his release and that he continued to be adequately treated. The District Court found an increased risk of COVID-19 infection at his institution and that his medical conditions could increase his risk of severe illness. However, it stated that Mell had been fully vaccinated and had reduced his risk. The District Court also ruled that Mell's release would endanger the victim and the community and contravene the sentencing factors in 18 U.S.C. § 3553(a). This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. We review a decision to deny a motion for compassionate release for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We will not disturb the District Court's decision "'unless there is a definite and firm conviction that [it] committed a clear error

3

of judgment . . . .'" Id. (citation omitted). We may take summary action if the appeal presents no substantial question. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court "may reduce [a federal inmate's] term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable. Id. § 3582(c)(1)(A). The Government argues that the District Court did not abuse its discretion in finding that Mell's showing of extraordinary and compelling reasons for release was weak or that the § 3553(a) sentencing factors weighed against his release.

In response to the Government's motion for summary action, Mell relies on arguments advanced in his appellate brief. He contends that the District Court failed to thoroughly review the medical evidence. Mell disputes the District Court's conclusion that his medical conditions alone do not warrant his release and its finding that he is being adequately treated.

The District Court's decision reflects that it reviewed the medical evidence. It noted that, since it denied Mell's first motion for compassionate release, doctors had developed a plan of care that included ultrasounds and bloodwork. The District Court rejected Mell's argument that the development of polyps showed his care was inadequate. It explained, and the record reflects, that he was being monitored and there was no evidence that polyps represent a significant deterioration in his condition. Mell has shown no error in this regard. He also has shown no error in the District Court's

4

additional conclusion, guided by the Sentencing Commission's policy statement, that he does not have an advanced terminal illness that warrants his release.[1]

To the extent the District Court ruled that Mell established extraordinary and compelling reasons based on his medical conditions combined with the risk of COVID-19 infection, Mell contends that the District Court erred in concluding that the § 3553(a) sentencing factors weighed against his release. He notes his lack of criminal history, good conduct in prison, and remorse for his crimes. Mell also notes that he was granted pre-trial release and that doctors had concluded that he had a low risk of recidivism.

The District Court stated that it considered these circumstances in denying Mell's first motion for release, when it found that he posed a danger. It explained then that Mell's offenses were egregious and he had served only a small portion of his sentence, that he appeared to lack remorse, that he had violated a condition of his pre-trial release, and that he continued to harass the minor victim in publicly-filed correspondence. The District Court rejected Mell's renewed claim of remorse because he simultaneously criticized the victim and her family.

Mell has not shown that the District Court abused its discretion in concluding that the § 3553(a) sentencing factors, which include the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence, weigh against

---

[1] Mell also asserts that prison doctors discontinued Ursodiol, which was his treatment for PSC before he was incarcerated. The alleged failure to provide this medication, however, does not constitute an extraordinary and compelling reason for his release where he is under the care of medical providers. Insofar as Mell contends that there have been changes to his medical condition or his conditions of confinement since the District Court's decision, those changes are not properly before us.

compassionate release.[2] We also note that at the time of the District Court's decision, Mell had over three years remaining on his seven year sentence. See Pawlowski, 967 F.3d at 331. Insofar as Mell relies on a recently-filed motion pursuant to Federal Rule of Civil Procedure 60(b) seeking to reopen his proceedings under 28 U.S.C. § 2255, that motion was not before the District Court nor does it change the assessment of the sentencing factors.

Finally, Mell contends that the District Court erred in relying on the policy statement in United States Sentencing Guideline § 1B1.13. This policy statement, which defines the term "extraordinary and compelling reasons," is not applicable and not binding for courts considering prisoner-initiated compassionate release motions. United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021), cert. denied, 142 S. Ct. 1446 (2022). The District Court, however, recognized its non-binding nature and used it as a guide. Mell has not shown that the District Court was constrained by the policy statement. Accordingly, we grant the Government's motion and will summarily affirm the judgment of the District Court.[3]

---

[2] To the extent the District Court stated that it ruled in its first decision that the § 3553(a) sentencing factors weighed against Mell's release, its first decision does not reflect that it considered these factors. The decision at issue now, however, concludes that Mell's release would contravene the sentencing factors. Although the District Court did not discuss these factors, it considered the relevant facts in reaching its conclusion.

[3] The Government's motion to seal Exhibit B to its motion for summary action is granted. Mell's sur-reply is construed as including a request for leave to file a sur-reply; that request is granted.

6